1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EVER V. ARCE,

          Petitioner,

  v.

ERIC HOLDER, U.S. Attorney General, JANET
NAPOLITANO, Secretary of the Department of
Homeland Security, TIMOTHY AIKEN, Field
Director of Detention and Removal Immigration
and Customs Enforcement,

          Respondents.

_____/

No. C 12-04063 WHA

**ORDER DENYING PETITION
FOR WRIT OF HABEAS CORPUS
AND EMERGENCY REQUEST
FOR STAY AND GRANTING
MOTION TO DISMISS BASED ON
LACK OF JURISDICTION**

      Petitioner Ever Vicente Arce is a native and citizen of El Salvador.  He entered the

United States without inspection in September 2003.  On August 8, 2006, the Department of

Homeland Security issued to petitioner a notice to appear for removal proceedings.  In those

proceedings, petitioner sought asylum and withholding of removal, claiming he feared

persecution in El Salvador because he resisted gang recruitment and gang members wrongly

believed his family was involved in the murder of a gang member.  On January 29, 2008, the

immigration judge denied petitioner's applications for relief but granted his application for

voluntary departure (Pet. ¶¶ 12, 17).

      On February 24, 2009, the Board of Immigration Appeals denied petitioner's appeal of

the immigration judge's decision (*id.* ¶ 18).  On March 2, 2012, our court of appeals denied

petitioner's petition for review on the grounds that he had not shown a nexus to a protected

ground (Proctor Exh. A).  On June 25, 2012, Immigration and Customs Enforcement notified

petitioner that he was to surrender into custody on July 24, 2012 (Proctor Exh. B).  On July 30,

**United States District Court**
For the Northern District of California

1  2012, petitioner moved the BIA to reopen his case (Pet. ¶ 20).  As stated at today's hearing,

2  petitioner did not request that the BIA stay his deportation.  The basis for the motion to reopen is

3  that there are changed circumstances, namely the perception that petitioner is wealthy, his long

4  residence in the United States, and growing gang violence in El Salvador, that will enable

5  petitioner to establish eligibility for asylum.  On July 31, 2012, petitioner submitted a copy to

6  DHS of an itinerary for a flight he purchased for himself showing a departing flight from San

7  Francisco on August 7, 2012, to San Salvador, El Salvador.

8  On August 2, 2012, petitioner filed the instant petition for writ of habeas corpus and

9  emergency request for stay of deportation.  The petition brings a claim for violation of the

10  Immigration and Nationality Act, alleging that "deportation prior to the Board's adjudication of

11  his motion to reopen would violate INA §§ 208 and 241(b)(3), which require that an alien who

12  has a reasonable fear of returning to his country on account of statutorily protected ground be

13  given a reasonable opportunity to present his case" (Pet. ¶ 27).  His second claim alleges that

14  deportation prior to the Board's adjudication of his motion to reopen would violate the

15  Convention Against Torture (*id*. ¶ 29).  Petitioner seeks an order granting the petition and an

16  order "enjoining respondents from removing petitioner from the United States until the Board

17  rules on petitioner's motion to reopen" (Dkt. No. 1 at 9).

18  A hearing was held on the instant petition on August 6, 2012, and a briefing schedule set

19  for a motion to dismiss.  The government now moves to dismiss the petition for lack of

20  jurisdiction, arguing this Court lacks jurisdiction over petitioner's claims because he is not in

21  custody and because the claims are barred by the REAL ID Act's jurisdiction-stripping

22  provisions.  Because this order holds that the REAL ID Act's jurisdiction-stripping provisions

23  leave this Court without jurisdiction over petitioner's claims, it need not decide the issue of

24  whether petitioner is in custody.

25  The REAL ID Act of 2005, stripped district courts of habeas jurisdiction over final orders

26  of deportation or removal and vested jurisdiction to review such orders exclusively in the court

27  of appeals.  In relevant part, 8 U.S.C. 1252(a)(5) provides:

28  
> Notwithstanding any other provision of law (statutory or
> nonstatutory), including section 2241 of Title 28, or any other

2

**United States District Court**
For the Northern District of California

habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter.

In addition, Section 1252(g) states, "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." Thus, circuit courts are the "sole" judicial body vested with the power to review challenges to final orders of deportation, exclusion, or removal. *See Alvarez-Barajas v. Gonzalez*, 418 F.3d 1050, 1052 (9th Cir. 2005).

Here, petitioner seeks an order granting his petition for writ of habeas corpus and staying his removal. It is clear that petitioner seeks to "halt the execution of the final order[] of removal arising from a proceeding brought in connection with Petitioner's removal, and therefore this Court lacks jurisdiction." *Rosales v. Aitken*, 2011 WL 4412654, at *3 (N.D. Cal. Sept. 21, 2011) (Koh, J.) (*quoting DeLeon v. Napolitano*, 2009 WL 4823358, at *3 (N.D. Cal. Dec. 10, 2009) (Ware, J.). *See Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471 (1999) (holding that Section 1252(g) precludes review of decisions to commence proceedings, adjudicate cases, or execute removal orders); *Ma v. Holder*, 2012 WL 1755840, at *8–10 (N.D. Cal. May 16, 2012) (Davila, J.) (finding, pursuant to Section 1252(g), no jurisdiction to stay removal pending decision on motion to reopen).

Petitioner argues that district courts have not been stripped of jurisdiction over "collateral matters that do not implicate final orders of removal," citing *Singh v. Gonzalez*, 499 F.3d 969 (9th Cir. 2007) (Reply Br. 2). Petitioner's reliance on *Singh* is misplaced. In *Singh*, our court of appeals held that the narrow claim of ineffective assistance of counsel by an alien, in connection with his attorney's post-administrative failure to file a timely petition with the court of appeals for review of the BIA's order of removal, could be raised in federal district court notwithstanding the jurisdiction-stripping provisions of the REAL ID Act. The court reasoned that "Singh's only remedy would be the restarting of the thirty-day period for the filing of a petition for review with this court . . . In other words, a successful habeas petition in this case

3

will lead to nothing more than 'a day in court' for Singh." *Id*. at 979.  Therefore, the court concluded that Singh's claim for ineffective assistance of counsel could not be construed as seeking judicial review of his final order of removal.  Here, however, a successful habeas petition would directly lead to a stay of execution of a pending order of deportation.  *Singh* is not controlling here.

Because this Court lacks jurisdiction, the petition and request for stay are **DENIED**, and the motion to dismiss, for the reasons stated herein, is **GRANTED**.

**IT IS SO ORDERED.**

Dated:  August 9, 2012.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

4